Our last case today is 4-17-05-6-4. People in the state of Illinois v. Greg Matlick for the appellant, Mr. Pilsner, and the appellee, Mr. McClain. Mr. Pilsner. Again, my name is Jonathan Pilsner. I represent the appellants, Mr. and Mrs. Greg Matlick and Mr. McClain. I'm going to talk a lot about procedure, and we'll probably have a number of procedural-related questions today. But one thing I want to keep in mind is an underlying error that Mr. Matlick can now complain about in the trial court and now does before this court. And that is the fact that he may have been saying, we committed these offenses. He has alleged that both in trial court proceedings and now in the post-commissioned proceedings. However, Mr. Matlick has never been given the opportunity to seek evidence or prove that he may have actually been insane. And that error is the error that I want to keep in mind as we go through all these arguments today. I've raised a number of procedural-related arguments, but that's the underlying claim that everything traces back to that mistake. Or the fact that Mr. Matlick, to this day, still was insane when he committed the offense. Turning to the actual arguments themselves, I'm going to spend the majority of my time on the second argument regarding the successive petition, but I will address the first argument, which is the first petition that was filed back in 2015 that was summarily dismissed at the first stage and then never was seen up again until the successive petition reached my desk at the appellate level. Mr. Matlick, in this case, filed, as this court is probably well aware of now, Mr. Matlick filed a pro se plea following the dismissal of that petition. Now I can say that that plea was actually a request for the clerk to file an NOA on his behalf, and that was an appeal from the dismissal of his first state proceeding. When the clerk failed to do that, when the clerk failed to comply with Rule 606a, Mr. Matlick was in effect denied his right to appeal that case. That in itself was an error that, while I understand there's exceptional relief I'm asking for, merits relief that that petition be reinstated and that he be given an opportunity to appeal the dismissal of that first petition. The only, I freely admit to the onset, the only authority that I can root myself into that is in Ross, because of the exceptional case inside of Ross. I've discussed that at length in my briefs. Unless there are questions on that, I don't think I need to address it any further. However, that also goes to establish cause when we talk about the second petition, the successive petition. Obviously, Mr. Matlick needs to file that successive petition. He needs to establish cause in the first petition. The prejudice, again, is the fact that he was denied his constitutional right to present a defense in this case, and that counsel and the court afforded that right. Counsel, by not properly presenting that argument to the court, legally, and the court denying it.  But the court's mistake in not filing the 606, not filing the NOA from that first petition, rendered his first post-commissioned proceedings, excuse me, invalid and fundamentally deficient in some way, shape, or form. Because he was never given his opportunity, which is a constitutional right, even in post-commissioned proceedings, to appeal the dismissal of that first stage petition. And that goes to establish cause. That objective, external factor, that objective factor, external to the defense, that impeded counsel's efforts, in this case, Mr. Matlick's efforts himself, or appellate counsel from ever addressing or reaching the claims of that first petition. That establishes cause is to go to the causal prejudice test. Obviously, prejudice, again, is the underlying error. We can go back to that again. In this petition, Mr. Matlick, as this court doesn't find grounds to grant relief on the first issue, Mr. Matlick's petition does establish causal prejudice and was improperly dismissed by the trial court, excuse me, the trial court improperly denied him leave to file a successive petition. Inside that successive petition, again, is the meritorious argument. The fact that the trial court made an error and trial counsel was ineffective for not fully developing his only viable defense. And I want to really enforce that. Mr. Matlick clearly committed the act at the Adams County Jail. His only defense in this case, his only defense to the charge that he was charged with, a temporary apprentice officer, was that he may have been insane at the time of the offense or he couldn't form the requisite mental state to actually, to rise to the level of intending the jail. That was his only defense. There was no other viable defense in this case. Once the trial court said that he couldn't have the expert, and because trial counsel didn't properly present the law and the arguments, Well, you didn't say he couldn't have the expert. You just said they weren't going to pay for it. That's correct. But Mr. Matlick clearly established the need for it and that he was in it just all that he needed to establish. While I do attack counsel for not properly presenting the argument to the trial court, I do commend trial counsel for developing a very, very detailed record in this particular case. That's one of the reasons that this case, in my opinion, is so unusual and also exceptional. Trial counsel did a very good job of establishing Mr. Matlick's indigence himself. That's all that trial counsel really needed to do. He established that this was a viable defense in his opinion. He had made a good faith effort. That itself was based in a wealth of information that was already before the court, pointing back to the fitness evaluation, which clearly indicated Mr. Matlick had struggled or he continued to struggle with a variety of mental disorders. Well, it showed that he self-reported a bunch of things that the doctor said he had no other independent information of, and that he was clearly capable and fit. But capable and fit in saying there are two different questions. To the point where the counsel even withdrew his claim. They didn't even have to have a hearing on it. The attorney said he was withdrawing any claim of fitness before they proceeded to trial him. That's correct. Also, I do want to keep in mind that when that fitness evaluation was done, the doctor who did that evaluation noted that Mr. Matlick had been on a regimen of medications that it wasn't true that he was out at the time. I didn't come up until later. The claim later was that he wasn't taking his medicine while he was in prison on the other chart. And that's not affirmatively provided anywhere in this record. My point is that the fitness question, when the fitness evaluation was done, was at a different time. So it was answering a different question and looking at Mr. Matlick at a different time. But from that fitness evaluation, there is clear and unimpeached, there is no contrary to the evidence that Mr. Matlick does indeed suffer from a variety of mental ailments. And so the fitness evaluation, although it goes to that different question, yes, counsel did withdraw his challenge to Mr. Matlick's fitness after that before he came back, it bolsters the idea that counsel had a good faith basis for why he needed this expert. And then once he established that good faith basis for why the expert was needed, why those funds were needed, what he needed to do was establish Mr. Matlick's indigence, which is what counsel amply did through the facts of this case. Not only did counsel establish Mr. Matlick's indigence, but he also established the indigence of Mr. Matlick's family. And that's very, very detailed and clear and correct. That's all that counsel needed to present as far as facts to the court. What counsel didn't do was properly frame all of that for the court, and the court admitted that it didn't really understand the law and that it was looking for guidance. And I'm not trying to throw the truck where it was to the court. I think we made an effort to try to understand how this was going to work. And at that point, counsel has a duty to step up and say, this is how it is. And we know that because the same argument was successful in Dijonjadoff. And I apologize for butchering that case. I recognize that Dijonjadoff was decided after the fact. So counsel, of course, didn't have the ability to lean on the nice, neat package that Dijonjadoff came up with. But everything that Dijonjadoff developed and everything that it pulled together predated this case. Everything that Dijonjadoff did was there before, and counsel simply didn't present to the court and give the court the opportunity to make the ruling based upon that. And if it had, the court very likely would have granted it. And Mr. Maddox would have been given the raw materials to his defense. And that's the underlying constitutional violation. That's the prejudice. Because if Mr. Maddox made a clear showing that he needed these funds, that was the only raw material. He needed those raw materials, in the Supreme Court's language, to build his defense. It was the only defense that he could build. And when he was denied access to those through the trial court's misapprehension of the law and trial counsel's ineffectiveness in presenting that law to the judge, that was the underlying mistake here that has infected his entire trial process and established prejudice in this case. So for those two reasons, Mr. Maddox's petition established his cause and prejudice and the court should have granted leave. And he asked this court to reverse and grant him leave to file. Lastly, Mr. Maddox's petition does present a claim of actual innocence. From the onset, I do recognize that the law in this particular area is in flux and is probably going to be in flux until Supreme Court has had their say in leave. So with that caveat, I don't think that if there's any concern about what the Supreme Court will do, I don't think we need to wait on that. I just want to make that clear. I'm not asking for something on the free people for this to be held in advance. I do believe the first two issues stand on their own. If this court finds that either the first issue or the second issue are prevailing, and Mr. Maddox has made those claims or has established that, then it doesn't need to reach the third issue. It will need to reach the third issue if this court rejects claim number one and number two. But as far as claim number three is concerned, Mr. Maddox has alleged that he was actually insane at the time of the events, and that is a freestanding claim of actual innocence to this charge. The relief that he seeks on that is remand to develop that claim further and simply second-stage proceedings on that claim. Sorry, I paused for a question. I don't mean to interrupt. So if there are no more questions, I believe the brief lays this out pretty succinctly. And now we have to sit down. I know it's the end of the day, so I appreciate that. Thank you. Thank you. Mr. McClain. Can you please report, counsel? I'm going to primarily reply to the reply brief on my opponent. In his reply brief, the defendant asserts that the notice of the adverse judgment for the first 2015 post-conviction petition for dismissal was sent to the wrong address, so this court should excuse its untimely filing. I went through the record, and there are eight documents in the record, all sent to Post Office Box 711. So I think there's enough in the record for this court to find that Post Office Box 711 is the correct address for the defendant's court mail. None of the mail that was sent to Box 711 was returned as undeliverable, and this court was in the county where the prison was located, so I would presume. Did the defendant himself ever raise the claim that he didn't get notice? No, he did not. Thank you. And also, along the same lines, not only was his notice of appeal untimely, but he failed to avail himself of available avenues to file a late notice of appeal, and also this court's last jurisdiction defense motion to request does not indicate he wants to appeal the dismissal of his 2015 post-conviction petition. The motion to request, which he construes as a notice of appeal, mentions only the guilty plea in May of 2015, and talks about his trial attorney failing to appeal. So the inference is that he's referring to his guilty plea and not the pro se post-conviction petition. As for Issue 2, defendant's 2017 successive post-conviction petition did not establish cause of prejudice, and the trial court properly denied him need to file it. On appeal, he's alleging a different ground for cause than the one alleged in his successive post-conviction petition. In his petition, he alleged he was seriously mentally ill, under several medications, and unaware of the need to attach affidavits. As the circuit court correctly found, ignorance of law can never be cause, so the fact that he did not know he was supposed to attach affidavits is not cause. On appeal, he switches gears, and he's trying to argue that the court's failure to file the notice of appeal, Issue 1, is an independent, objective ground, which impedes his ability to raise his claims in the original post-conviction proceedings. As I've already argued, it's defendant's fault, not the court's fault, that he's claiming to have appealed from the first original petition, and that's because he didn't. It was an untimely notice of appeal, and he's going to appeal the wrong thing, the guilty plea, and not the post-conviction petition. As for prejudice, the state is asserting that lack of cause is sufficient, but defendant has also not shown prejudice in this case. Defendant is asserting that the court's refusal to permit him to be evaluated by an expert to determine if he was insane denied him his own legitimate defects to the charges against him. However, the court's refusal was proper in this case. He was a 19-year-old living with his parents, as according to his affidavit and facets in the plea. His father was a self-employed commercial fisherman who worked when he wanted, and his parents had hired a private attorney and paid $2,200 for that attorney. The court promptly found that he was not an agent, and he went back to papers on experts. And the court also added on that the trial court did not believe that insanity was a legitimate defense in this case. Insanity is a lack of substantial capacity to appreciate the criminality of his conduct. In denying defendant's motion for expert, the trial court noted that Dr. Perlman, the psychologist, had found defendant fit, and had made no suggestion of any aberration of thought or intrusive ideas. In this case, there was a lot of evidence demonstrating that he appreciated the criminality of his conduct, including that he made plans for the crime with two other people. He had used a filedown toothbrush. The methods used... He also talked about methods he was going to use to prevent detection. He was going to get some clothing from the front office and walk there. And he and his buddies discussed him using a hand-me-candy machine, and defendant indicated he would talk about hearing voices. Then he talked about going to Alaska. So I also assert that defendant did not show prejudice. So since he hasn't shown cause for prejudice, the trial court was proper in rejecting or not allowing his motion to file a successive post-conviction petition. As for his third issue, raising actual innocence, in his petition, he alleged he was actually innocent because the disagreement with the correctional officer had nothing to do with the correctional officer's employment. And then on appeal, he's been switching gears and now alleging he was innocent because he was insane. The state would ask the court not to allow defendant to switch gears and make one argument below and one argument on appeal. And the state further asserts that defendant under the deed cannot bring a freestanding actual innocence claim or be fled guilty while represented by counsel and was fully and carefully admonished by the trial court. Defendant now, in his reply brief, attacks the underlying plea, and the state is responding that this argument was not included in the original brief and would ask the court under Supreme Court Rule 341HC not to consider this argument and consider it in violation of that Supreme Court rule. I have one concern with the state's argument. With regard to the 19-year-old who lives at home with the folks, maybe the 19-year-old really has no money whatsoever, doesn't have a job. I mean, that might happen in today's world once in a while. The folks spring for a couple grand on an initial retainer fee, but then this 19-year-old would forever be precluded from asserting indigency. Does that seem right to you? I think you can assert indigency, but the report in there looks at, I mean, if he's a defendant, why can't his parent pay for it? Maybe it was attorney. Oh, so the argument is that the 19-year-old living at home is a dependent? Yes. I mean, there was very little case law with that. It seems like, you know. It was saying what would be the age where, when you're living at home with parents, you would no longer be a dependent, or is there a cutoff? I'm not sure if there's a cutoff. They probably depend on each individual case. All right, just one more question, because I want to ask Mr. Pilsner about this. You said that the motion to request referred only to the guilty plea, if I understood your argument. Is that correct? Yes. Okay, that's all I have, because I want to ask Mr. Pilsner about that. Thank you, counsel. Mr. Pilsner, your vote. Would you like to ask now before we start? Well, I won't even try to rephrase it if you remember what it was, and that is she argues that the motion to request, and I think that was the title of it, referred only to the guilty plea and nothing else. Is she wrong about that? Yes. Okay, and why? This thing is wrong because of two reasons. First, you have to look at the context in which it was filed, and the context here matters. Mr. Matlick filed this after the postmortem petition was dismissed. He had been properly admonished pursuant to 605 about what he needed to do if he wanted to challenge his guilty plea argument. He never filed anything pursuant to that. All he filed was then the next thing that got filed was the postconviction petition, approximately six months after the fact, give or take 20 days. And then after that got dismissed, 32 days later came this motion to request the filing of an appeal. And looking at it just in the context of it, the only thing that that could possibly refer to is the last plea that was filed to rule upon the case that would have been the postconviction petition. Well, how about that? Why don't we look at just the language itself instead of just looking at it from this contextual standpoint? Motion to request in this honorable court above a filing of appeal in said case above, which in fact was 14-CV-440, which is a nonexistent case. Michael Brady Matlick had retained counsel Jerry Timberwerke. He didn't have retained counsel in the postconviction petition. That was pro se. And pled guilty to said case above on 517-215. Has advised counsel Mr. Timberwerke to file this said case above to the court of appeal. Gosh, that sounds to me like he wants to appeal the original case, the original conviction. And he talks again, due to counsel Jerry Timberwerke not forwarding my request for filing of my rights to an appeal. You know, call me silly, but it seems to me that he's wanting to appeal his original conviction because Timberwerke didn't work on his postconviction petition and he wants to withdraw his plea of guilt. If I may respond to two points real fast. First off, as the record indicates, Mr. Matlick is a man of limited intelligence and suffers from a variety of severe mental illnesses. So we need to look at anything he files in a deferential standard. Secondly, I don't think it truly matters under 606-A what he said as long as he indicated he wanted to appeal something. Wait, wait, wait. No matter what, as long as he uses the word appeal, it could be some proceeding from two years ago. Yes. Okay. That's all I need to hear. And if I may explain my point, because I realize that's a bit of a bombastic thing to say, I want you to step back and understand the context. If you look at the plain language of 606-A, it commands the clerk with no discretion whatsoever that if the defendant makes any indication in orally or in writing that he wishes to appeal, that the clerk must file the NOA on his behalf. So that the defendant doesn't have to worry about the particulars of the NOA, the rule affirmatively puts the duty upon the clerk to file the NOA on his behalf. And if you think about it and step back for a second, it makes a little bit of sense now. Because when you have a pro se defendant who simply says, I would like to exert my right to appeal. I've been informed that I have this right. I want to use it. The question of is the NOA proper or how does jurisdiction attach to this court is best left decided by this court. And to make sure that defendants aren't tasked with trying to appeal things and then have that get confused or frustrated somewhere along the way. That's why it's a very, very, there's no discretion in 606-A. So whatever he said in his thing, if it came in like that, the clerk had a duty to file the NOA. In what file? Pardon me? In what file? It would be in the same case file. Because the way it would operate would be in the same case file. Wasn't, just as they are, you just indicated that it was a case file with a number that didn't exist. I believe he listed two different numbers because there were two cases going at the same time. And the NOA would have to get filed. I don't have the NOA, I don't have the notice in front of me, so I apologize. But I believe it was inside that case. But more importantly, the clerk interpreted it and left it with this case. So the clerk interpreted it as belonging to this case. It's been made part of this common law record. So the clerk, and if you look at the clerk's docket sheet, it does say motion to request filing of an appeal. So the clerk figured out that it belonged to this file and figured out that it was requesting an appeal in some way, shape, or form. Once the clerk had made that determination, the 606A mandate sort of kicked in. And the important thing to keep in mind is that once you get on... So if it is proposed conviction, it's already two days late, boom, still out. I would argue that we're not sure if it's two days late or not. By the file stamp... I don't know for sure. I can read a calendar. Well, by the file stamp, it's two days late. But we don't know when that actually arrived at the court. The court did make a ruling on the motion. So the court, by even looking at the trial court, the trial court looked at the motion and did not deny it on the basis of untimeliness. The court said it's unsigned, it's improper, it's an improper motion, so I'm denying it on those grounds. The trial court, if this had been an untimely motion, if this had been filed past the 30-day threshold, the court wouldn't have denied it on untimeliness. So there's an indication that this may have been timely filed. Secondly, and this kind of goes into why 606A... It seems like your indications are all coming from things that aren't there. Well, the trial court made the finding, and I realize that my time is up. If I may continue, just very briefly. My arguments are all based upon what the trial court, from the definitions inside it. If the trial court is looking at this and making a ruling on the motion, then it did not think that it was untimely. It simply thought it was improper because of the form of the motion itself. It didn't dismiss it on untimeliness. So on that, I think that there is a possibility that this was timely filed. More importantly, we were still within the six-month window to file a late notice of appeal. This was not, you know, two years past. Which gets us to a whole different issue. Thank you very much, counsel. Thank you. Your time is up. You have been taken under advisement. The court is in recess for the day.